835 So.2d 2 (2002)
Russell T. GREEN, Plaintiff-Appellant,
v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 35,775-CA.
Court of Appeal of Louisiana, Second Circuit.
April 23, 2002.
*3 James M. Johnson, Minden, Counsel for Appellant.
Kitchens, Benton, Kitchens & Warren, Graydon K. Kitchens, III, Minden, Counsel for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
DREW, J.
The sole issue is whether the trial court erred in granting defendants' motion for summary judgment. Russell Green, plaintiff, urged the trial court's action was inappropriate and premature, in light of his intention to hire an expert to examine the allegedly defective ladder from which Green fell and his assertion that discovery had not been cut off. The judgment is affirmed.
Green, and the defendant, Dennis C. McMullen, Jr., were co-owners of real estate and a gas powered pressure washer which broke down occasionally. On November 27, 1997, Green was using the washer to clean a house owned solely by McMullen. While alone on the property cleaning the house, Green used a five foot aluminum ladder owned by McMullen. After using the ladder approximately 45 minutes, Green fell and was injured. McMullen and his insurer, State Farm Fire and Casualty Company[1], stated that Green fell from the ladder. Green asserted that the ladder collapsed and he was badly injured.
In his petition filed November 23, 1998, Green alleged that he was standing on the third rung of the ladder when it collapsed with the ladder legs bending inward. Green's petition stated that he sustained a dislocated right elbow and a fractured right wrist which required hospitalization, surgery and physical therapy. Suing McMullen and his insurer, State Farm, Green asserted that McMullen was strictly liable to him for permitting him to use a defective ladder which he knew, or should have known was defective. Green also urged that McMullen was negligent by leaving Green alone operating the power *4 washer while standing on a ladder which he knew or should have known was defective. Both McMullen and State Farm filed answers which denied liability.
On April 22, 1999, the parties filed a joint motion for continuance of a May 17, 1999 trial date because discovery was incomplete and the plaintiff intended to take video depositions of medical doctors for trial which had not been able to be scheduled. The matter was continued without date.
On October 11, 1999, the trial judge signed a pretrial order. The parties set out their respective contentions and represented to the court that no motions were pending before the court. The defense position was that the accident was caused by the plaintiffs negligence in wrapping the hose of the power washer around the legs of the ladder, that the ladder was not defective and that McMullen had no knowledge nor should he have, that the ladder was defective.
The pre-trial order set out the contested issues: (1) Are the defendants solidarily liable for plaintiffs injuries and was the ladder defective and did defendant know (or should he have known) about the defect?; (2) Was plaintiff guilty of any negligence which would reduce his recovery under comparative fault?; and (3) quantum.
Both plaintiff and defendant represented in the pre-trial order that there were no contested legal issues. The parties supplied lists of their exhibits and witnesses. The defendants listed Ron McKinley, P.E. as their expert to inspect and give testimony about the condition of the aluminum ladder along with an economic expert to be selected. The plaintiffs witness list stated experts were to be selected to inspect and give testimony about the condition of the ladder and to provide testimony on economic issues. Both sides stated they had no requests for amendments to the pleadings and that neither party was aware of any additional matters to assist in the disposition of the action which they estimated would take two and one half days to try.
The next filing in the record came eighteen and one-half months later on May 1, 2001. The defendants, McMullen and State Farm, filed a motion for summary judgment based upon La. C.C. art. 2317.1 which requires that a defendant knew or should have known of the existence of the defect which caused the damages. The defendants asserted that the ladder was not defective, but that even if there was a defect, plaintiff could not satisfy his burden of proof because he had no evidence that McMullen knew or should have known of a defect in the ladder.
In support of the motion for summary judgment, defendants filed the affidavit of Ron McKinley, a licensed professional engineer. After examining the ladder, McKinley stated: the ladder legs had an outward taper that prevented downward pressure from causing an inward collapse; the damage to the ladder could not have occurred from a downward load such as a person standing on the ladder; the fracture points were new and brittle and caused by sudden over-stressing of the metal; that force was applied to the outside of the ladder leg surfaces; the damage to the ladder and the fall was not caused by a structural failure in the ladder, but were more probably than not caused by Green's loss of balance; and the damage to the ladder and to Green was caused when Green fell onto the ladder legs.
In his opposition to the Motion for Summary Judgment, Green stated that he planned to employ an expert engineer, that the case was not set for trial and that *5 discovery had not been foreclosed. Therefore, it was premature and improper to grant the Motion for Summary Judgment which was improperly based upon defendant's expert witness. Green urged that what McMullen knew or should have known about the condition of the ladder should be decided on the circumstantial evidence presented at trial. Green filed no affidavits or anything else to buttress the argument in his opposition.
On June 5, 2001, the trial judge granted the motion for summary judgment and dismissed plaintiffs action at his cost. On August 3, 2001 Green filed this appeal.

DISCUSSION
In Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, the supreme court explained that review of a grant or denial of a motion for summary judgment is de novo. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The article was amended in 1996 to provide that summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A 1997 amendment of the article specifically altered the burden of proof in summary judgment proceedings to provide that the burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). This amendment levels the playing field between the parties in two ways: first, the supporting documentation submitted by the parties is scrutinized equally, and second, the presumption in favor of trial on the merits is removed. Independent Fire Ins. Co. v. Sunbeam Corp, supra.
La. C.C.P. art. 966(C)(2) establishes that while the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial, the movant does not have to negate all essential elements of the adverse party's claim, action, or defense, but must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Then, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Hagood v. Brakefield, 35570 (La. App.2d Cir.1/23/02), 805 So.2d 1230.
A motion for summary judgment may be made at any time. La. C.C.P. art. 966(A). After adequate discovery or after a case is set for trial, a motion for summary judgment which shows that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law shall be granted. La. C.C.P. art. 966(C). Eason v. Finch, 32157 (La.App.2d Cir.8/18/99), 738 So.2d 1205, writ denied, 99-2767 (La.12/10/99), 751 So.2d 861.
Green contended that the trial court prematurely and incorrectly granted the summary judgment because discovery had not been foreclosed and because no trial date had been set. In Eason v. Finch, supra, the plaintiff complained on appeal that the trial court should not have granted summary judgment because discovery was not complete. In affirming the summary judgment, the court noted that parties may move for summary judgment and the court may consider the motion before the parties have completed discovery. The *6 fact that discovery is incomplete does not procedurally bar the defendant from seeking a summary judgment. The trial court has the discretion to issue a summary judgment or order more discovery. While parties must have a fair opportunity to conduct discovery and present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. In Eason, supra, the defendant filed an opposition which was supported by excerpts from depositions and answers to interrogatories. This court noted that the suit had been filed in October 1997 and defendant sought a summary judgment in September of 1998. The trial court granted the summary judgment in October of 1998. Concluding, in essence, that plaintiff had received a fair opportunity to conduct discovery and present her claim, this court found that the trial court did not abuse its discretion in granting the summary judgment instead of ordering more discovery.
This court also affirmed the summary judgment granted in Berzas v. OXY USA, Inc., 29835 (La.App.2d Cir.9/24/97), 699 So.2d 1149. Apartment residents sued a number of defendants in 1991 to recover for their damages allegedly caused by toxic and hazardous wastes deposited in the ground including the site of their apartments. OXY conducted discovery and plaintiffs conducted no discovery. After discovery deadline and trial date were set, plaintiffs sought to continue the trial until government agencies completed their testing. OXY relied in part on plaintiffs' failure to designate experts for claims that could not be proven absent expert testimony. The plaintiffs responded that they could not get experts until the EPA, DEQ and the La. Office of Public Health identified the toxins at the site. The court observed that once a motion for summary judgment has been properly supported, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion for summary judgment. OXY pointed out that in the five years the suit had been pending, plaintiffs had not conducted discovery. To oppose the summary judgment, plaintiffs supplied an affidavit from a government official that testing was incomplete. In granting the summary judgment, the court noted that plaintiffs had failed to show they were exposed to chemicals, that they had suffered any injury and that OXY was responsible for any alleged exposure. The court also pointed out that plaintiffs had ample time for discovery and made no efforts to factually support any element of their claim against OXY.
In Barron v. Webb, 29707 (La.App.2d Cir.8/20/97), 698 So.2d 727, writ denied, 97-2357 (La.11/26/97), 703 So.2d 651, this court also affirmed a summary judgment which plaintiffs contended was granted prior to adequate discovery. The suit was filed in January of 1996 and the Motion for Summary Judgment was filed in August of 1997. Plaintiffs opposed the motion with an affidavit from their attorney stating one witness scheduled for deposition could not be found and the defendant-homeowners had not been deposed. This court observed that once a Motion for Summary Judgment is made and supported, the burden shifts to the opposing parties. This court found that there was no absolute right to delay an action until discovery is cut off and that plaintiffs had been given a fair opportunity to present their claim and filed only a conclusory affidavit instead of seeking to have discovery set. After concluding that the defense Motion for Summary Judgment had been properly supported and there was no material issue of genuine fact, this court affirmed the summary judgment.
The case has been pending over three years and a pre-trial order was *7 signed in October 1999 which set out plaintiffs intent to retain experts on the condition of the ladder and economic issues, yet no action was taken. Plaintiff's response to the motion for summary judgment was to state again his intention to retain experts. The plaintiff in this case certainly had a fair opportunity to conduct discovery and to present his claim.
Before a summary judgment can be granted, the movant must establish that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(1). In Hagood v. Brakefield, supra, the court discussed liability for damage caused by defective things. La. C.C. 2317 and 2317.1 state:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care....
Enacted in 1996, La. C.C. art. 2317.1, effectively negated the concept of "strict liability" for defective things and prescribed a negligence standard based on the owner or custodian's knowledge or constructive knowledge of a defect. However, the article 2317.1 requirement of constructive knowledge imposed a reasonable duty to discover apparent defects in things under the defendant's garde. Hagood supra. Hagood was injured when he fell and was cut by the chain saw he was using. The parties conceded the owner of the saw had no actual knowledge that the chain saw continued to run after the trigger was released. Hagood opposed the owner's motion for summary judgment with affidavits from two witnesses of the defect in the saw and from an expert who stated the saw was unreasonably dangerous. Although the parties conceded the owner had no actual knowledge of the defect, this court reversed a summary judgment in favor of the owner after finding that Hagood had opposed the motion with enough to raise a genuine issue of material fact as to the owner's constructive knowledge.
In this matter, one of Green's complaints on appeal is that the trial court improperly considered the affidavit of defendant's expert witness. The supreme court concluded that affidavits of experts may be considered for purposes of a motion for summary judgment.[2]Independent Fire Ins. Co. v. Sunbeam Corp., 99-2257 (La.2/29/00), 755 So.2d 226.
Supporting defendants' motion for summary judgment was their affidavit from an expert engineer who, after setting out his scientific credentials, reported his examination of all portions of the ladder including the broken portion. The expert stated that the ladder was in good condition and that Green's fall was not caused by structural failure of the ladder, but by his losing his balance and falling on the ladder legs. Concerning the owners' constructive or actual knowledge of an alleged defect, defendants presented an excerpt from Green's deposition at which he responded, "I don't know that. Huh-uh," to whether Green had any reason to think that all that *8 McMullen knew that the ladder was defective or would fall. In the memorandum in support of the summary judgment and in response to Green's allegation that McMullen negligently caused his fall by leaving the premises instead of staying and holding the ladder, the defendants noted that Green had stated that McMullen left over an hour before the accident and that Green worked unassisted.
The defendants established there was no genuine issue of material fact as to McMullen's negligence or actual and/or constructive knowledge of a defect. Instead of opposing the summary judgment with his own expert and lay testimony, Green simply indicated he would hire an expert and stated discovery was not complete and the matter did not have a trial date.
Summary judgment may be sought at any time. Plaintiff had a fair opportunity to conduct discovery and present this claim and had no absolute right to delay action on the motion for summary judgment until discovery was complete. Once the defendants presented the properly supported motion for summary judgment showing no genuine of issue of material fact, the burden shifted to Green to present evidence that genuine issues of material fact exist. Instead, Green simply sought to delay the long pending matter by repeating again his intention to hire a scientific expert.

DECREE
The trial court did not err in granting the defense motion for summary judgment and dismissing Green's action with prejudice. Costs are assessed to Russell T. Green, plaintiff.
AFFIRMED.
NOTES
[1] Green's petition named as defendant "State Farm General Insurance Company." In its answers on its own behalf and on behalf of McMullen, State Farm Fire and Casualty Company pointed out that Green had incorrectly stated the company's name.
[2] That decision contains a specific and extensive discussion concerning the consideration of experts' affidavits on motions for summary judgment.