877 So.2d 264 (2004)
Lula M. LACURE, Plaintiff-Appellant,
v.
BROOKSHIRE'S STORES, et al., Defendant-Appellee.
No. 38,627-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*265 Margrett Ford, for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner by James A. Mijalis, Shreveport, for Appellee.
Before GASKINS, PEATROSS, and HARRISON (Pro Tempore), JJ.
GASKINS, J.
In this slip-and-fall case, Lula Lacure is appealing a summary judgment in favor of Brookshire's Grocery Company (Brookshire's). Lacure alleges that the trial court abused its discretion by refusing to afford her "a fair opportunity to present the factual circumstances in this case required to defeat a Motion for Summary Judgment." For the following reasons, we affirm.

FACTS
In January 2001, Lacure slipped and fell at a Brookshire's grocery store in Shreveport, Louisiana. In January 2002, shortly before her claim would have prescribed, she filed a pro se complaint in Shreveport City Court. Subsequently, she obtained legal representation, and her attorney successfully moved to have her case transferred to the First Judicial District Court, alleging that her damages exceeded $50,000.
On May 16, 2003, Brookshire's filed a motion for summary judgment asserting that Brookshire's had no actual or constructive notice of the liquid spill that allegedly caused Lacure to slip and fall. Brookshire's noted that Lacure asserted that she slipped and fell as a result of "liquid that was on the floor" and that Brookshire's was negligent in failing to maintain a safe shopping environment. However, Brookshire's furnished affidavits of two store employees indicating that they were in the area of the incident shortly before its occurrence, and that, at that time, there was no liquid on the floor. After the incident, the employees both noticed *266 that soft drink cans in the area had either been cut or punctured and that the liquid on the floor appeared fresh. Under these circumstances, Brookshire's alleged that Lacure could present no evidence to show that Brookshire's had notice of the spill. Therefore, she could not meet the burden of proof required under the provisions of La. R.S. 9:2800.6.[1] On May 20, 2003, the district court signed an order setting a hearing on the motion for summary judgment for July 7, 2003.
On May 27, 2003, Lacure's counsel filed a motion to withdraw which the trial court granted the following day. Attached to the motion to withdraw was a letter dated October 7, 2002, from Lacure's counsel to Lacure. That letter informed Lacure that while counsel had been successful in removing her case from city court to district court, counsel would be unable to continue representation. The appellate record also contains a letter written on November 11, 2002, from Lacure's counsel to the deputy clerk of the First Judicial District Court, indicating that counsel no longer represented Lacure. A copy of counsel's motion to withdraw was attached to the letter. Thus, it appears that counsel had intended to withdraw in late autumn 2002, but did not officially do so until May 2003. The record does not indicate any activity in the case between late autumn 2002 and May 2003.
On September 4, 2003, new counsel enrolled on behalf of Lacure; that same day, Lacure's new counsel filed an opposition to the motion for summary judgment. The opposition asserted that although the incident occurred in January 2001, Lacure had only retained new counsel within the past month and that very little, if any, substantive discovery had been undertaken on Lacure's behalf. The opposition also stated that Lacure had been required to represent herself during the "initial and critical stages" of the litigation, that her first lawyer had too heavy a caseload to undertake Lacure's representation, and that at least two other attorneys had found it necessary to withdraw their representation of Lacure for various reasons.[2] Asserting that Lacure genuinely believed she could introduce credible evidence to defeat summary judgment if given the opportunity to conduct an investigation and to conduct discovery, Lacure's opposition to summary judgment requested additional time to meet the burden imposed by La. R.S. 9:2800.6. The opposition indicated that Lacure required an additional 45 to 60 days in which to conduct the necessary investigation and discovery. There was no evidence *267 of any kind included with the opposition, and the opposition made no other arguments against summary judgment.
On September 8, 2003, a hearing was held on the motion for summary judgment. At the beginning of the hearing, the court noted that the motion was originally set for hearing on July 7, 2003. At that time, Lacure made an oral motion for a continuance which the trial court had granted over objection by Brookshire's. The court had allowed Lacure an additional 30 days to obtain counsel and had continued the case until August 11, 2003. On that date, Lacure's new counsel was present, and the trial court again continued the case until September 8, 2003. Given this procedural history, the court stated:
So between August 11 and September 8, there would have been, it seems to me, time to prepare some opposition to a motion for summary judgment. I think [your current attorney] is an excellent lawyer, but this matter has been pending for a good, long time, and there have been previous continuances granted, and I cannot grant another continuance period.... The fact of the matter is that the plaintiff cannot move forward, cannot move forward with any positive evidence to prove even a scintilla of evidence regarding actual notice or constructive notice. At a certain point, this matter needs to be decided, and we have been back and forth to court since July 7, 2003. It is now sixty-one days or so after the initial argument date and several months or so since the motion was filed and Ms. Lacure was served. So the request for additional time comes far too late, there was no opposition to the motion for summary judgment; therefore, the court concludes that there are no genuine issues of material fact, the motion for summary judgment is accordingly granted.
This appeal followed.

DISCUSSION
Summary judgment principles applicable in this case are found in the provisions of La. C.C.P. art. 967:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
C. If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or *268 discovery to be had or may make such other order as is just.
D. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this Article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney fees. Any offending party or attorney may be adjudged guilty of contempt.
In the instant case, the summary judgment motion filed by Brookshire's was made and supported as provided in La. C.C.P. art. 967. Accordingly, Lacure could not rest on the mere allegations or denials of her pleadings; instead, she had two alternatives. First, either through affidavits, or as otherwise provided in La. C.C.P. art. 967(A), she could have set forth specific facts showing there was a genuine issue for trial. La. C.C.P. art. 967(B). Alternatively, she could have submitted affidavits in opposition stating reasons why she could not present by affidavit facts essential to justify her opposition. La. C.C.P. art. 967(C). Lacure submitted no affidavits in opposition to the motion for summary judgment. Because argument alone was insufficient, the court properly granted summary judgment against her.
There is no absolute right to delay an action on a motion for summary judgment until discovery is completed. The fact that discovery is incomplete does not procedurally bar the defendant from seeking a summary judgment, and the trial court has the discretion to either issue a summary judgment or order more discovery. Green v. State Farm General Insurance Co., 35,775 (La.App.2d Cir.4/23/02), 835 So.2d 2; Coleman v. Acromed Corporation, 34,354 (La.App.2d Cir.2/7/01), 779 So.2d 1060, writ denied, XXXX-XXXX (La.4/27/01), 791 So.2d 636. The only requirement is that the parties be given a fair opportunity to present their claims and unless a plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908 (La.1986); Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.9/24/97), 699 So.2d 1149.
In the case at bar, Lacure's action was initially filed in January 2002, and the motion for summary judgment was filed in May 2003. As noted by the trial court, the summary judgment hearing was originally set for July 7, 2003, and was continued until August 2003 over objection by Brookshire's. Then, in August 2003, the trial court granted another continuance until the matter came on for hearing on September 8, 2003. Thus, the record reflects that Lacure had substantial time in which to develop her case at least to the point of being able to defeat a motion for summary judgment.
Regardless of Lacure's self-representation in the initial stages of litigation, and regardless of the reasons for her succession of attorneys later in the litigation, we cannot ignore the fact that, even in her September 2003 memorandum in opposition to the motion for summary judgment, she offered nothing but the assertion that, given the opportunity to conduct an investigation and to conduct discovery, it was her "genuine belief" that she could introduce credible evidence to avoid dismissal of her lawsuit. Lacure never set forth a single fact to suggest why, more than three years after the incident, we should share her belief that she can gather credible evidence to counter the affidavits of the Brookshire's employees.
*269 Even if her assertions in opposition to the motion for summary judgment had been submitted in affidavit form, we would conclude that the trial court did not abuse its discretion in granting the motion for summary judgment. Brookshire's showed that the liquid on the floor was a fresh spill. The plaintiff failed to demonstrate that she could make a positive showing of actual or constructive notice of the alleged hazardous condition.

CONCLUSION
For the reasons set forth above, the trial court's judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La. R.S. 9:2800.6(B) provides:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
[2] The record shows that Ms. Lacure was originally represented by Anthony Hollis with the law firm of Piper and Associates. A letter to the plaintiff stated that the firm would not be able to continue representing her. The motion to withdraw was signed by Cloyd Benjamin, Jr., also with the firm of Piper and Associates.