846 So.2d 40 (2003)
Gloria Dean GARRISON, Individually and as Executrix of the Estate of John Garrison
v.
Dr. Rian TANENBAUM.
No. 02-CA-1181.
Court of Appeal of Louisiana, Fifth Circuit.
April 8, 2003.
*41 Cheryl L. Gray, Alvina R. Mitchell, New Orleans, LA, for Appellants.
Kristin E. Hendricks, Law Office of Robert E. Birtel, Metairie, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Plaintiff, Gloria Dean Garrison, individually and as Executrix of the Estate of John Garrison, appeals from the summary judgment granted in favor of the Defendant, Dr. Rian Tanebaum (Dr. Tanebaum), dismissing her case with prejudice. For the reasons which follow, we affirm.
On September 24, 1999, Plaintiff submitted a claim for medical malpractice against Dr. Tanebaum, alleging a delay in diagnosis of gastric cancer. John Garrison, the Plaintiff's husband, had first visited Dr. Tanebaum on August 6, 1997 with complaints about pain in his mid-back and radiating around to his left side and then to his abdomen. In the prior two months, he had been evaluated at the Family Doctor's Clinic and had undergone an ultrasound of the abdomen, upper gastrointestinal (GI) series and an intravenous pyelogram (IVP). All the tests results were normal. Dr. Tanebaum ordered a series of tests including a complete blood count (CBC), combining forms relating to chemistry (chem.20), amylase, lipase and urinalysis. These tests revealed no abnormalities. On October 17, 1997 a computerized tomography (CT) scan of the abdomen and pelvis was performed and showed no abnormalities. A flexible sigmoidoscopy and barium enema were performed in January and February of 1998. Neither or those tests revealed any abnormalities. John Garrison returned to Dr. Tanebaum in May of 1998 with virtually the same complaints. Dr.
*42 Tanebaum ordered a gastroscopy which revealed a 3 × 3 centimeter irregular ulcerated area in the stomach. A biopsy revealed adenocarcinoma of the stomach. John Garrison expired shortly thereafter.
On September 24, 1999, Plaintiff filed a claim for medical malpractice pursuant to La. R.S. 40:1299.47, alleging a delay in diagnosis of gastric cancer. At the conclusion of the medical review panel proceedings, the panel rendered an opinion with reasons in which they found that "the evidence does not support the conclusion that the defendant, Dr. Rian M. Tanebaum failed to meet the applicable standard of care as charged in the complaint."
On March 5, 2001, Plaintiff filed this malpractice suit. Following the filing of his answer, Dr. Tanebaum filed a Motion for Summary Judgment, arguing that there were no issues of material fact because Plaintiff had no expert to testify concerning the alleged malpractice. On May 30, 2002, the trial court rendered a judgment ordering the Plaintiff to identify on or before June 28, 2002, at 9:00 a.m., any and all experts that would testify against the Defendant. The trial court further ruled that if the Plaintiff failed to so name the experts, the Defendant's motion for summary judgment would be granted.
On June 27, 2002, the Plaintiff faxed the Defendant a letter identifying her expert witness as Dr. Harold Shelby. The Defendant contacted Dr. Shelby for a deposition and was informed by his office that he had not been retained by Plaintiff. Further, the Defendant secured an affidavit from Dr. Shelby stating that after review of the record regarding the treatment of John Garrison by Dr. Tanebaum, he was not of the opinion that Dr. Tanebaum had breached the standard of care. Thereafter, on July 2, 2002, the Defendant filed a Motion to Reurge Motion for Summary Judgment. Plaintiff filed no opposition to the motion. Plaintiff was present on July 24, 2002 at the hearing on the motion and still had no expert witness. The trial court granted the defense motion for summary judgment and dismissed Plaintiff's case with prejudice. It is from this ruling that Plaintiff appeals.
Plaintiff's sole argument on appeal is that, despite the fact that she did not produce an expert witness to testify about the Defendant's breach of the standard of care, there were still material issues of fact that precluded summary judgment. More particularly, the Plaintiff argues that, even though she did not produce the name of an expert witness, the Defendant, as movant of the motion for summary judgment, did not meet his burden with only the opinion of the medical review panel, absent either an affidavit by one of the physicians on the panel or the affidavit of another physician, stating that the Defendant did not breach the standard of care.
The defense argues, to the contrary, that pursuant to La. C.C.P. art. 966(C)(2), they met their burden and were entitled to summary judgment because of the Plaintiff's failure to produce an expert, who was necessary to satisfy her evidentiary burden at trial.
It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Magnon v. *43 Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Smith, supra. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon v. Collins, supra.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the trial court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C. P. art. 966(C)(2).
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Foster v. Consolidated Employment Systems, Inc., 98-948 (La.App. 5th Cir.1/26/99), 726 So.2d 494.
To succeed in a suit for medical malpractice, the plaintiff bears the burden of proving:
(1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised by a physician licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances;
(2) that the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and
(3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred. La. R.S. 9:2794(A).
It has been held that expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to establish the standard of care under the circumstances and to determine whether the defendant doctor possessed the requisite degree of skill and knowledge or failed to exercise reasonable care and diligence. Manning v. Sketchler, 99-1128 (La.App. 5th Cir.3/22/00), 759 So.2d 869; Perricone v. East Jefferson General Hosp., 98-343 (La.App. 5th Cir.10/14/98), 721 So.2d 48. An exception to this rule, where expert testimony may not be required, is only where the physician does an obviously careless act, such as amputating the wrong arm, dropping a knife, scalpel or acid on a patient, or leaving a sponge in a patient's body. The reason for this exception is that a lay person can infer or find negligence from the facts. Pfiffner v. Correa, 94-0924 (La.10/17/94), 643 So.2d 1228.
The negligence alleged in this case does not involve negligence that is so obvious that it could be inferred from the facts presented. To the contrary, it involved complicated medical considerations concerning which tests were appropriate in response to the symptoms, the timing of the tests and whether other tests should have been performed. Thus, in order to establish the standard of care for the Defendant in this case, and the alleged breach of that standard of care, the Plaintiff must put forward expert medical testimony.
*44 In this case, the Defendant moved for summary judgment based on the Plaintiff's inability to produce an expert witness necessary to the proof of her case. The trial court rendered judgment on the motion requiring the Plaintiff to identify an expert who would testify against the Defendant regarding his breach of the applicable standard of care. The trial court further ruled that if the Plaintiff failed to name an expert that the Defendant's motion for summary judgment would be granted. Plaintiff was given until June 28, 2002 to identify the expert witness. While the Plaintiff did produce a name, the named doctor signed an affidavit that he had not been retained by the Plaintiff and that, after examining the record, he would not testify that Dr. Tanebaum had breached the applicable standard of care. The defense reurged its motion, along with the opinion by the medical review panel, the prior judgment of the trial court ordering identification of an expert and the affidavit of the expert that Plaintiff named. Plaintiff did not oppose the motion. Based on the foregoing, we find that the trial court was correct in granting the summary judgment because the Plaintiff failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial.
Plaintiff argues that the Defendant's evidence was inadequate, without an affidavit by one of the panel members or another physician expert. We disagree. Under La. C.C.P. art. 966(C)(2) the Defendant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if, as here, the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Accordingly, the summary judgment granted against the Plaintiff and in favor of the Defendant, dismissing the Plaintiff's case with prejudice, is affirmed. Costs of appeal are assessed against Plaintiff.
AFFIRMED.