892 So.2d 62 (2004)
James STORTZ and Rena Marie Adams, wife of James Stortz
v.
Jules R. WAGUESPACK, Michael Waguespack, David Toups, State Farm Mutual Automobile Insurance Company, State of Louisiana, on behalf of the Louisiana Department of Public Safety and Corrections, Office of State Police and Louisiana State Police Trooper Rickmeir.
No. 04-CA-967.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
David I. Courcelle, Peyton B. Burkhalter, Courcelle and Burkhalter, Metairie, LA, for Plaintiff/Appellee.
Fred M. Trowbridge, Jr., Porteous, Hainkel Johnson & Sarpy, New Orleans, LA, for Defendant/Appellant.
Patricia J. Delpit, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Intervenor/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and THOMAS F. DALEY.
JAMES L. CANNELLA, Judge.
In an automobile accident case in which the Plaintiff, James Stortz, was struck and injured by a hit and run driver, the Defendants, State Farm Mutual Automobile Insurance Company (State Farm) and Jules R. Waguespack (Waguespack), appeal from the denial of their request for a summary judgment. We affirm.
On October 22, 2000, the Plaintiff, employed by Moon's Towing Service (Moon's), was called to the scene of an accident to remove a van parked on the *63 shoulder of Interstate 10 near its eastbound split to Interstate 610 in Metairie, Louisiana. When he arrived, the accident had been cleared except for one van.[1] One Trooper was still on the scene. The Plaintiff placed the van on his flatbed tow truck and the trooper left. The Plaintiff went to the highway side of his truck where the controls are located in order to secure the van. While performing this maneuver, a Chevrolet pick-up truck, traveling in the right lane of the highway, drifted into the truck, striking both it and the Plaintiff. The Plaintiff was thrown several feet. He did not see the driver, who fled the scene without stopping.
Donna and Claude Black were driving behind the Chevrolet pick-up truck in the right lane of the highway. They observed the vehicle swerving back and forth before striking the Plaintiff. When the Chevrolet pick-up truck did not stop, the Blacks called 911 and gave chase. They obtained the license plate number, but could not provide a description of the driver because the windows were tinted and they were unable to get close enough. The Chevrolet pick-up truck was identified shortly afterward as belonging to Waguespack. It was later learned that a few days before the accident Waguespack had loaned his truck to his grandson, David Toups. The Chevrolet pick-up truck was eventually found with its interior burned.
The Plaintiff filed suit on October 22, 2001 against Waguespack, his insurer, State Farm, Toups,[2] the State of Louisiana, in its capacity as the Louisiana Department of Public Safety and Corrections, Office of State Police, and Trooper Alan Rickmier (both referred to as the State)[3]. The Louisiana Workers' Compensation Corporation (LWCC) filed an intervention to recoup benefits paid to the Plaintiff on behalf of Moon's.
On September 26, 2003, Waguespack and State Farm filed for a summary judgment alleging that the unknown hit and run driver stole the vehicle from Toups's residence and that the person who took the truck was not a permissive user under the terms of the policy. The State also filed a motion for summary judgment. Both motions were heard on March 30, 2004. The trial judge granted the motion filed by the State. It was not appealed. He denied the motion filed by Waguespack and State Farm, finding material issues of fact in dispute as to who was driving the hit and run Chevrolet pick-up truck and whether that person was a permissive driver.[4]
On appeal, the Defendants assert that the trial judge erred in denying their motion for summary judgment because he improperly questioned the credibility of Toups's uncontradicted sworn testimony.
The Defendants argue that the Plaintiff and the intervenor must prove negligence and causation by a preponderance of the evidence in order to recover damages. In this respect, they assert that the Plaintiff must show that either Waguespack or Toups injured him, or that the injury resulted from the acts of a permissive driver. Here, there was no evidence produced in *64 opposition to the motion for summary judgment to contradict the allegations of the Defendants that the driver was unknown to Waguespack and Toups and was not a permissive driver.
The Defendants further contend that the trial judge improperly considered incompetent evidence. They argue that the Plaintiff submitted certified and uncertified copies of Toups' criminal record, when only the certified copy is admissible for summary judgment purposes. Furthermore, they argue that the certified guilty plea goes to credibility, which is not proper in a summary judgment.
The exhibits submitted in support of and in opposition to the summary judgment include the affidavit and deposition testimony of the Plaintiff, the depositions of the Blacks, the affidavit of Toups, and the affidavit and deposition of Waguespack. The Plaintiff further attached the deposition of Trooper Rickmeier, photos of the scene, a certified copy of the commitment for Toups's criminal conviction of Simple Burglary by guilty plea, uncertified copies of an attachment for Toups for bond forfeiture, and his probation revocation commitment.
Neither the Plaintiff nor the Blacks could provide a description of the driver of the Chevrolet pick-up truck. In his affidavit, Toups swore that he borrowed the truck from his grandfather prior to October 22, 2000 and that on that day, it was parked at his residence. He asserted that on October 23, 2000, his grandmother informed him that the truck had been involved in a hit and run accident. He claims that he returned to his residence and discovered that the truck had been stolen. On that day, his grandfather reported the truck stolen to the police, as shown by a crime report attached to the affidavit. Toups further claimed that the vehicle was recovered on October 23, 2000 in New Orleans and that the interior had been burned. Toups asserted that he was not the driver at the time the vehicle was involved in the accident, that he did not know who the driver was, and that he did not give anyone permission to drive the truck. Waguespack agreed that he loaned the truck to Toups while Toups' car was being repaired.
In his reasons for judgment, the trial judge stated, "To determine the permissive driver and coverage issues, the court must determine the credibility of Toups or that person to whom he may have loaned the vehicle. There is a reasonable inference that Toups, or someone he loaned the vehicle to, was driving as Toups, a permissive driver, was loaned the vehicle before the accident and the vehicle was reported stolen only after the accident." The trial judge further stated that Toups' credibility was at issue as to the theft of the vehicle, noting that Toups was currently in jail after violating his probation for a guilty plea burglary conviction in August of 2001.
A summary judgment is reviewed by the appellate courts de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Garrison v. Tanenbaum, 02-1181, p. 4 (La.App. 5th Cir.4/8/03), 846 So.2d 40, 42. The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La.C.C.P. art. 966(A)(2); Garrison, 02-1181 at 4, 846 So.2d at 42.
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the trial court on the motion for summary judgment, the movant's burden on the motion does not require him to *65 negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Garrison, 02-1181 at 5, 846 So.2d at 43. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.; La. C.C.P. art. 966(C)(2). After the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Garrison, 02-1181 at 5, 846 So.2d at 43.
In State Farm Mut. Auto. Ins. Co. v. Smith, 99-121, p. 3 (La.App. 5th Cir.6/1/99), 738 So.2d 131, 132-133, we discussed the burden of proof in a similar situation. There, the plaintiff was stopped at a red light when she was rear-ended by another car, which then fled the scene. A witness obtained the license plate number. The car owner asserted that the car had been stolen prior to the accident. He claimed that it was later recovered with damage to the front end. The trial judge determined that the defendant's claim that the car had been stolen was not credible and entered judgment for the plaintiff. We held that:
"[I]t was not plaintiff's burden to prove that Smith [the defendant] was driving the car, but rather that either he or someone authorized by him was doing so. To establish this fact plaintiff introduced eye witness testimony that the car involved in the rear-end collision was an old, maroon Oldsmobile, bearing a license plate number which identified Smith as the owner of such a vehicle. These facts are clearly sufficient to establish as more probable than not the reasonable inference that Smith or someone authorized by him was driving the car at the time of the accident....
On this prima facie showing, it was then incumbent upon Imperial to go forward with evidence to refute the above inference. It attempted to do so by introducing Smith's assertion that his vehicle had been stolen on the night in question and therefore that neither he nor anyone authorized by him was driving the car when the accident occurred. Unfortunately for Imperial, the trier of fact did not find Smith's version of events credible. There being no other evidence to refute plaintiff's showing that more probably than not Smith or someone with his permission was the driver, judgment was properly entered in plaintiff's favor on the liability
[Citation omitted.]
"The purpose of summary judgment is to `pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Hines v. Garrett, 04-0806, p. 7 (La.6/25/04), 876 So.2d 764, 769. In Hines, the passengers in a semi-truck that struck some cows on a "stock law" highway brought personal injury actions against the owner of the cattle and his homeowners' insurer. The trial judge dismissed the action on a motion for summary judgment filed by the defendant. The Supreme Court reversed, holding that a genuine issue of material fact as to owner's credibility precluded summary judgment under the facts of the case. The Court stated:
Application of the general rule that a court, ruling on a motion for summary judgment, must accept an affiant's testimony or affidavit as credible or true is not appropriate [in this particular
*66 case,] where the mover's testimony absolving himself from liability contains substantive contradictions or discrepancies that would ordinarily tend to call his credibility into doubt if presented to a fact-finder. Contrary to the court of appeal's conclusion, the defendant's credibility is material in this case because his defense to the presumption of negligence against him stands or falls on that credibility.... And, the defendant's credibility is a genuine issue in light of the significant contradictions in his own deposition testimony with regard to the location of the alleged fallen tree that he had removed soon after the accident.
Hines, 04-0806 at 6, 876 So.2d at 769. [Emphasis added.]
Credibility is material in this case. As found by the trial judge, the permissive driver and coverage issues can only be determined by weighing the credibility of Toups or that person to whom he may have loaned the vehicle. Toups' claims that he was not driving the truck at the time of the accident and he further claims that he did not give anyone permission to drive it. However, the truck was not reported stolen until the morning after the accident, yet it was supposedly parked at his residence for several days. Based on this evidence, the trial court can reasonably infer that Toups, a permissive driver, or someone he loaned the truck to, another permissive driver, was driving the truck at the time of the accident. As to Toups's claims, the evidence shows that he has a felony conviction, which can be used to attack his credibility because its prejudicial effect is substantially outweighed by its probative value and the conviction involves dishonesty. See: La.C.E. art. 609. Thus, we find that the trial judge did not err in denying the motion for summary judgment.
Accordingly, the judgment denying the motion for summary judgment of Defendants is hereby affirmed. Costs of this appeal are to be paid by the Defendants.
AFFIRMED.
NOTES
[1] Both the driver of the van and its passenger left the accident scene prior to the arrival of Trooper Rickmier.
[2] Michael Waguespack was also made a Defendant, but was dismissed on a motion for summary judgment in September of 2002.
[3] The trooper's name was spelled variously as Allain, Allan or Alan and Rickmier, Rickmeier or Rickmire. It was spelled Alan Rickmier in an affidavit and Allen Rickmeier in a deposition.
[4] The Defendants filed this appeal after the trial judge certified the judgment as appealable.