779 So.2d 1060 (2001)
Steven COLEMAN, et al., Plaintiffs-Appellants,
v.
ACROMED CORPORATION, et al., Defendants-Appellees.
No. 34,354-CA.
Court of Appeal of Louisiana, Second Circuit.
February 7, 2001.
Writ Denied April 27, 2001.
*1061 Ungar, Byrne & Vance by George W. Byrne, Jr., Loretta G. Cieutat, David P. Gontar, Randy J. Ungar, Paul N. Vance, New Orleans, Counsel for Appellants.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, Counsel for Appellee, Doctors' Hospital.
Pettiette, Armand & Dunkelman by Joseph S. Woodley, Shreveport, Counsel for Appellee, Warren D. Long, M.D.
Before BROWN, WILLIAMS and KOSTELKA, JJ.
*1062 WILLIAMS, Judge.
In this medical malpractice action, the plaintiffs, Steven and Glenda Coleman, appeal the trial court's judgment granting the motion for summary judgment filed by the defendant, Doctors' Hospital of Shreveport, and dismissing plaintiffs' claim. For the following reasons, we affirm.

FACTS
The plaintiff, Steven Coleman, underwent cervical and lumbar fusion surgeries performed by Dr. Warren D. Long at Doctors' Hospital in Shreveport, Louisiana. The first surgery, a cervical fusion, was performed on June 25, 1991 and, on June 17, 1992, Dr. Long performed a lumbar fusion. Dr. Long attached metal plates to the plaintiff's spine using "pedicle" screws to stabilize the spine. Subsequently, the plaintiff suffered complications as a result of the devices used in the surgeries which resulted in a third surgery to remove the previously implanted cervical devices.
The plaintiffs filed suit, naming Acromed Corporation and Dr. Arthur D. Steffee as defendants. The plaintiffs claimed that Acromed was negligent in improperly manufacturing the surgical implements used during plaintiff's surgeries, and Dr. Steffee was negligent in designing and marketing the devices. In their complaint to the Louisiana Patients' Compensation Fund, the plaintiffs included Dr. Warren Long and Doctors' Hospital as defendants and requested a review of their conduct regarding the plaintiff's surgeries. The plaintiffs alleged that Dr. Long was negligent in using experimental devices which had not been approved for use by the Food and Drug Administration ("FDA"), failing to inform the plaintiff and Doctors' Hospital of the FDA status and having prior knowledge of the dangerous propensities and hazards in the use of the devices. The plaintiffs further alleged that Doctors' Hospital was negligent in allowing the use of the devices, failing to ensure that physicians were using appropriate and safe devices and failing to ensure that the physicians and facility were knowledgeable of the status of such devices.
On September 17, 1997, a medical review panel rendered an opinion in favor of Doctors' Hospital and Dr. Long. Thereafter, on June 8, 1998, plaintiffs filed an amended and supplemental petition naming Doctors' Hospital and Dr. Long as defendants in the original suit. Doctors' Hospital filed a peremptory exception of prescription alleging that the plaintiffs' claim had prescribed after 90 days from receipt by the plaintiffs of the medical review panel opinion, or no later than December 19, 1997. The trial court granted the exception and dismissed the plaintiffs' suit as to Doctors' Hospital and Dr. Long. Subsequently, this court reversed the trial court's judgment granting the defendant's exception of prescription.[1]Coleman v. Acromed Corp., 32,590 (La.App.2d Cir.12/28/99), 764 So.2d 81, writ denied, XXXX-XXXX (La.3/31/00), 759 So.2d 73.
On remand, Doctors' Hospital, re-asserted its motion for summary judgment. Doctors' Hospital argued that the core issue is one of informed consent and as a matter of law, the duty of informed consent falls to the operating surgeon and not to the hospital. The trial court granted the defendant's motion for summary judgment and dismissed the plaintiffs' claim with prejudice. The plaintiffs appeal.

DISCUSSION
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. *1063 art. 966. The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Rogers v. Horseshoe Entertainment, 32,800 (La.App.2d Cir.8/1/00), 766 So.2d 595. When reviewing a trial court's decision granting a motion for summary judgment, appellate courts consider the evidence de novo using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991).
In a medical malpractice action against a hospital, the plaintiff must prove that the hospital owed the plaintiff a duty to protect against the risk involved, that the hospital breached that duty, that the plaintiff suffered an injury, and that the hospital's actions were a substantial cause in fact of the injury. McLain v. Glenwood Regional Medical Center, 602 So.2d 240 (La.App. 2d Cir.1992).
A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. It is the hospital's duty to protect the patient from the dangers that may result from the patient's physical and mental incapacity as well as from external circumstances peculiarly within the hospital's control. A determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and the facts of that case. Armand v. State Dept. of Health and Human Resources, 97-2958 (La.App. 1st Cir.2/23/99), 729 So.2d 1085.
Pursuant to LSA-C.C. art. 2320, "[M]asters and employers are answerable for the damage occasioned by servants and overseers, in the exercise of the functions in which they are employed." The concept established by this article is called "vicarious liability." However, vicarious liability does not apply when an independent contractor relationship exists. Marchetta v. CPC of Louisiana, Inc., 99-0485 (La.App. 4th Cir.3/22/00), 759 So.2d 151. Nevertheless, the existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability to control by the hospital over the doctor's activities. Prater v. Porter, 98-1481 (La.App. 3rd Cir.3/3/99), 737 So.2d 102.
The plaintiffs argue that summary judgment was inappropriate because they were not allowed to conduct additional discovery prior to judgment on the motion. In particular, the plaintiffs had not deposed JoAnne Molnar, Risk Manager for Doctors' Hospital, prior to the motion being reasserted. The plaintiffs argue that no deadline for discovery was set in this matter, therefore, the trial court committed reversible error by not allowing time for additional discovery prior to its judgment on the motion. The plaintiffs also argue the existence of genuine issues of material fact. The plaintiffs contend that Doctors' Hospital is vicariously liable for the actions of Dr. Long. They also contend the hospital breached its duty to its patients to monitor the use of medical devices used in the hospital and to prohibit the use of hazardous devices for patient care.
LSA-C.C.P. art. 966 provides that a motion for summary judgment may be made at any time. Furthermore, our jurisprudence holds that while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed. Absent peremptory causes, the decision to grant a continuance rests in the sound discretion of the trial judge. LSA-C.C.P. art. 1601. The trial court's ruling on a motion for continuance *1064 will not be disturbed on appeal absent a clear showing of abuse of that discretion. State v. Frisard, 96-368 (La.App. 5th Cir.4/29/97), 694 So.2d 1032. The record reflects that in a letter to the trial judge dated May 11, 2000, the plaintiffs requested additional time to conduct discovery. On May 25, 1995, the plaintiffs filed a complaint with the Louisiana Patients' Compensation Fund requesting a medical review of the conduct of Doctors' Hospital and Dr. Long regarding the plaintiffs surgeries. The original motion for summary judgment in these proceedings was filed on October 19, 1998, to which a copy of JoAnne Molnar's affidavit was attached.
We note that this dispute has been pending since the plaintiffs filed their complaint in May 1995, approximately five years before the trial court's grant of summary judgment. Moreover, approximately two years had passed since the defendant filed its original motion for summary judgment. The plaintiffs had ample opportunity to conduct and complete discovery. No evidence was presented to indicate that the plaintiffs were not awarded a fair opportunity to carry out discovery and present their claim. The trial court did not abuse its discretion in denying the plaintiffs' request for a continuance for additional discovery.
When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony or interrogatory answers that enumerate specific facts showing a genuine issue exists for trial. LSA-C.C.P. art. 967. However, if the adverse party will bear the burden of proof at trial, the mover's burden at the hearing on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim. Rather, the mover's burden is simply to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." LSA-C.C.P. art. 966(C)(2).
In support of its motion for summary judgment, the defendant submitted the affidavit of JoAnne Molnar who testified that, at the time of plaintiffs surgeries, Dr. Warren Long, Jr. was not, and had never been, an employee of Doctors' Hospital. She further testified that Dr. Long is an independent physician in private practice credentialed by Doctors' Hospital to admit patients and perform neurosurgical procedures at the hospital. According to Molnar, at the time of the plaintiff's surgeries, the hospital personnel were not aware that the pedicle screws used by Dr. Long were defective, and Doctors' Hospital first received information regarding the defective screws in January 1995, approximately three and one-half years after plaintiffs first surgery.
The plaintiffs presented no medical testimony or other factual evidence to show that a genuine issue existed for trial as to whether Doctors' Hospital was vicariously liable. Nor did the plaintiffs show the existence or breach of any independent duty on the part of Doctors' Hospital to monitor surgical devices used by independent physicians. Accordingly, the trial court correctly granted the defendant's motion for summary judgment.

CONCLUSION
For the foregoing reasons, the trial court's grant of summary judgment in favor of the defendant, Doctors' Hospital, is affirmed. Costs of this appeal are assessed to the plaintiffs, Steven and Glenda Coleman.
AFFIRMED.
NOTES
[1] On rehearing, this court deleted Dr. Long's name as a defendant in its judgment. Coleman v. Acromed Corp., supra at 4.