GASKINS, J.
 

 Lin this auto collision case, the plaintiff, Khadijah- Brooks, appeals a summary judgment granted in favor of the owner of the other vehicle. We affirm.
 

 FACTS
 

 On September 8, 2005, a collision occurred between Ms. Brooks’ car and a 1997 Ford Expedition SUV owned by Ula Minnieweather. Ms. Brooks was traveling behind the SUV on Corky Avenue in Bas-trop, Louisiana. At the intersection of Corky Avenue and Pleasant Street, the SUV allegedly stopped and began to back up, striking the front of the plaintiffs vehicle. The male driver of the vehicle fled the scene in the SUV.
 

 On September 7, 2006, the plaintiff filed suit. Named as defendants were Ms. Min-nieweather, the owner of the SUV; John Doe, the driver of the SUV; USAgencies Insurance Company, Ms. Minnieweather’s insurer; and State Farm Mutual Automobile Insurance Company, the plaintiffs UM carrier.
 

 The insurance companies filed answers. The matter was set for jury trial in February 2008. However, pursuant to State Farm’s unopposed motion, the case was continued. In March 2008, it was set for jury trial on July 28, 2008, as a third setting, or alternatively for October 20, 2008, as a first or second setting.
 

 On May 12, 2008, USAgencies filed a motion for summary judgment. In support of its motion, USAgencies filed the following: the deposition of the plaintiff, the deposition of Ms. Minnieweather, and a copy of its policy. In her deposition, the plaintiff testified the accident occurred at about 7:00 |2p.m. after she picked up the children of a friend from day care. She further testified that about five minutes
 
 *1247
 
 after the other driver fled the accident scene, a woman appeared who claimed to be the mother of the SUV owner. The woman said the driver was her daughter’s flaneé, Shawn. She asked the plaintiff to not call the police because Shawn had outstanding warrants and no driver’s license. However, the plaintiff called the police. About 10 minutes later, the owner of the SUV arrived at the accident scene in the SUV. She did not speak to the plaintiff but told the police that her vehicle had been stolen; she said that whoever had taken the vehicle was gone and she did not know he had taken it. The plaintiff also testified that she did not recognize the other driver and had never seen him before. However, she said that she had seen him once since the accident, walking a dog on a Bastrop street.
 

 Ms. Minnieweather testified in her deposition that at the time of the accident she was living with her mother and that her mother had taken in two Katrina victims, an old woman and a young man called “Moo-Moo.” She denied knowing the man’s real name, and she believed that he was the old woman’s grandson. She testified that she was the only person to drive her SUV. On the day of the accident, she was asleep when a friend called to tell her that she had seen a man driving her SUV. Ms. Minnieweather testified that after she saw that her SUV was gone, she had the friend pick her up so they could look for the SUV. While they were driving around, Ms. Minnieweather received a call from her cousin, Terry Island, that the SUV had been involved in an accident. She said that she went to the|saccident site and told the police officer there that her vehicle had been stolen. She then continued looking for it. Ms. Minnieweather testified that she found the vehicle abandoned near some apartments and drove it back to the accident site. According to Ms. Minniew-eather, the key the male driver used to drive the SUV had been in her purse in her bedroom.
 
 [1]
 
 Because he was the only male in the house, she assumed that Moo-Moo was the driver. She denied knowing anyone named Shawn; she also said she did not have a boyfriend at the time of the accident.
 

 The motion for summary judgment was set for July 1, 2008. On June 3, 2008, the plaintiff filed a motion for an extension of time; it was granted.
 

 On June 11, 2008, Ms. Minnieweather filed an answer and her own motion for summary judgment. It was set for July 1, 2008; the minutes show that no one appeared in court and no action was taken.
 

 A minute entry order signed on July 18, 2008, set the motions for summary judgment for argument on July 29, 2008; it also upset without date a July 28, 2008, trial setting. After a status conference on July 24, 2008, the trial court refixed the motions for argument on September 22, 2008; trial by jury was fixed for October 20, 2008. On September 15, 2008, the plaintiff filed another motion for extension of time; this motion was denied.
 

 A hearing was held on September 22, 2008. During the proceedings, the plaintiff re-urged her request for a continuance. The trial court noted that it had received parts of a faxed opposition that morning. It included an |,(affidavit by the plaintiff executed the day before the hearing.
 
 [2]
 
 The defendants objected to the op
 
 *1248
 
 position on the basis that it had not been filed eight days in advance of the hearing. The plaintiff argued that she had been unable to locate witnesses for depositions. In particular, she mentioned attempts to depose Ms. Minnieweather’s mother and cousin.
 

 Due to its lateness, the trial court rejected the plaintiffs affidavit. While stating that it had questions about the veracity of Ms. Minnieweather’s deposition testimony, the trial court granted summary judgment as to her on the basis that nothing in the record indicated that she was personally liable. However, it denied summary judgment as to her insurer on the basis that the alleged tortfeasor might have been a permissive driver for whom coverage was provided under the omnibus statute.
 

 When asked for clarification as to its ruling on the motion for continuance, the trial court stated that the motion was denied as to Ms. Minnieweather’s motion for summary judgment, which it granted. However, the court stated that it effectively granted the motion for continuance as to the coverage issues with USAgencies. It also upset the October 2008 trial date. In so doing, the court advised that the next trial day set would be the date that the case was either tried or dismissed.
 

 Judgment was signed October 30, 2008, dismissing Ms. Minnieweather with prejudice, while reserving the plaintiffs rights against the remaining defendants.
 

 IsThe plaintiff appeals from the trial court’s grant of summary judgment in favor of Ms. Minnieweather.
 

 CONTINUANCE
 

 Law
 

 The defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The motion may be considered even before the parties have completed discovery.
 
 Humphries v. Cooper Truck Center,
 
 40,586 (La.App. 2d Cir.3/8/06), 923 So.2d 940;
 
 Peterson v. City of Tallulah,
 
 43,197 (La.App. 2d Cir.4/23/08), 981 So.2d 192. It is within the trial court’s discretion to render a summary judgment, if appropriate, or to allow further discovery. While parties should be given a fair opportunity to present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed.
 
 Humphries, supra.
 
 The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact.
 
 Peterson, supra.
 

 A continuance may be granted on either peremptory or discretionary grounds. La. C.C.P. arts. 1601 and 1602;
 
 Moore v. Wilson,
 
 34,135 (La.App. 2d Cir.11/3/00), 772 So.2d 373.
 

 There are only two peremptory grounds. A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness |nhas absented himself without the contrivance of the party applying for the continuance. La. C.C.P. art. 1602. The party seeking the continuance bears the burden of establishing that his motion falls within the peremptory grounds.
 
 In re Succession of Stark,
 
 2006-190 (La.App. 3d Cir.7/5/06), 934 So.2d 901;
 
 Armand v. Del
 
 
 *1249
 

 gado,
 
 1999-2274 (La.App. 1st Cir.11/3/00), 770 So.2d 896;
 
 Roberson v. Cities Service Company,
 
 478 So.2d 211 (La.App. 3d Cir.1985);
 
 Collier v. Williams-McWilliams Company, Inc.,
 
 459 So.2d 719 (La.App. 4th Cir.1984),
 
 writ denied,
 
 462 So.2d 1246 (La.1985).
 

 A party applying for a continuance, although entitled to a reasonable delay and opportunity to procure his witnesses, must show due diligence. La. C.C.P. art. 1602, Official Revision Comments-1960 (b). As an exercise of due diligence, the party seeking the continuance is obliged to take other steps to secure the alleged material testimony.
 
 Moore, supra.
 

 Absent peremptory causes, the decision to grant a continuance rests in the sound discretion of the trial judge. La. C.C.P. art. 1601. The trial court’s ruling on a motion for continuance will not be disturbed on appeal absent a clear showing of abuse of that discretion.
 
 Coleman v. Acromed Corporation,
 
 34,354 (La.App. 2d Cir.2/7/01), 779 So.2d 1060,
 
 writ denied,
 
 2001-0625 (La.4/27/01), 791 So.2d 636;
 
 Henderson v. Union Pacific Railroad,
 
 41,596 (La.App. 2d Cir.11/15/06), 942 So.2d 1259.
 

 Discussion
 

 In re-urging the motion for continuance at the hearing, the plaintiffs counsel cited his inability to locate several witnesses, specifically the mother and cousin of Ms. Minnieweather. Counsel for the plaintiff asserted 17that they were material to the presentation of his client’s case. He recounted the difficulties he faced in even locating Ms. Minnieweather until she showed up at a deposition set by her own lawyer. After considering the reasons given by counsel, the trial court expressed dissatisfaction with the progress of the case in light of the length of time since the accident and the small size of the locale where the potential witnesses apparently resided. The court questioned whether the plaintiff had utilized interrogatories or detectives to try to locate the witnesses. The trial court further voiced skepticism over whether the plaintiff would be able to procure the witnesses even if given additional time.
 

 The record shows that the hearing on the motions for summary judgment was delayed twice, once pursuant to a motion for extension filed by the plaintiff. It was then reset again following a status conference. We note that the case was actually set for trial on two occasions prior to the instant hearing on the motions for summary judgment.
 

 As the trial court itself noted, the effect of its actions on the motions for summary judgment at the hearing was to deny the motion for continuance as to Ms. Minniew-eather but grant it as to USAgencies. To the extent that the motion for continuance was denied, the trial court found another continuance was not likely to garner any better evidence than had been discovered in the three years since the accident happened. Under the circumstance presented in this case, where Ms. Minnieweather’s motions for summary judgment had been pending for over three months, we cannot say the trial court erred in refusing to grant yet another delay.
 

 | .SUMMARY JUDGMENT
 

 Laio
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Costello v. Hardy,
 
 2003-1146 (La.1/21/04), 864 So.2d 129. A motion for summary judgment shall be
 
 *1250
 
 granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B).
 

 The moving party bears the burden of proof. However, when he will not bear the burden of proof at trial on the matter before the court on summary judgment, the movant is not required to negate all essential elements of the adverse party’s claim; he need only point out an absence of factual support for one or more essential elements of the adverse party’s claim. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C.P. art. 966(C)(2).
 

 The adverse party may not rest on the mere allegations or denials of his pleadings in response to a properly made and supported motion for summary judgment. He is required to set forth specific facts showing that there is a genuine issue for trial. If he does not show this, then summary _[cjjudgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
 

 Opposing affidavits and any memorandum in support thereof shall be served pursuant to La. C.C.P. art. 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. La. C.C.P. art. 966(B). This time limitation is mandatory, and affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court.
 
 Buggage v. Volks
 
 Constructors, 2006-0175 (La.5/5/06), 928 So.2d 536;
 
 Woodall v. Weaver,
 
 43,050 (La.App. 2d Cir.2/13/08), 975 So.2d 750.
 

 On a motion for summary judgment, the district court cannot make credibility determinations or weigh conflicting evidence.
 
 DeMoss v. Pine Hills Golf and Country Club, Inc.,
 
 42,033 (La.App. 2d Cir.4/4/07), 954 So.2d 316;
 
 Sharp v. Parkview Care Center, Inc.,
 
 41,341 (La.App. 2d Cir.9/27/06), 940 So.2d 724. In deciding a motion for summary judgment, the district court must assume that all affiants are credible.
 
 Hutchinson v. Knights of Columbus Council 5747,
 
 2003-1533 (La.2/20/04), 866 So.2d 228;
 
 Gladney v. Milam,
 
 39,982 (La.App. 2d Cir.9/21/05), 911 So.2d 366.
 

 The owner of a vehicle is not usually liable for damages occurring when another is operating the vehicle.
 
 Wimberly v. Clark,
 
 38,583 (La.App. 2d Cir.6/23/04), 877 So.2d 195;
 
 Oaks v. Dupuy,
 
 32,070 (La.App. 2d Cir.8/18/99), 740 So.2d 263,
 
 writ not considered,
 
 1999-2729 (La.11/24/99), 750 So.2d 993. Exceptions to this rule occur when the driver is on a mission for the owner of the vehicle, when the driver is an agent or | inemployee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver.
 
 Wimberly, su/pra.
 

 Under the negligent entrustment theory, the lender of a vehicle is not responsible for the negligence of the borrower unless he knew or should have known that the borrower was physically or mentally incompetent to drive; if the lender knew or should have known of the borrower’s incompetency then he is responsible for the harm resulting
 
 from
 
 the incompetent operation of the vehicle.
 
 Oaks, supra.
 

 All motor vehicle liability insurance policies are required to include an omnibus clause which extends coverage to the person named therein and to any other person using such motor vehicle with the express or implied permission of the named insured. La. R.S. 32:900(B). Once
 
 *1251
 
 permission, either express or implied, is granted by the insured to use the vehicle, any subsequent changes in the character of the use do not require additional specific consent of the insured. Thereafter, coverage will be denied only if the deviation from permissive use amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the vehicle.
 
 Wells v. Kemper Casualty Insurance Co.,
 
 35,304 (La.App. 2d Cir.12/28/01), 803 So.2d 450,
 
 wri
 
 t
 
 denied,
 
 2002-0271 (La.3/28/02), 812 So.2d 634.
 

 Discussion
 

 In opposition to the general rule that the district court cannot make credibility determinations on a motion for summary judgment, the plaintiff cited two cases. In
 
 Himes v. Garrett,
 
 2004-0806 (La.6/25/04), 876 So.2d 764, the supreme court found that the general rule was not applicable; under Inthe particular circumstances of that case, credibility was an issue because the defendant supported his motion for summary judgment with his own self-serving testimony which contained “significant discrepancies” and “substantive contradictions.” In
 
 Stortz v. Waguespack,
 
 04-967 (La.App. 5th Cir.12/14/04), 892 So.2d 62, the owner of a car involved in a collision and his insurer unsuccessfully sought summary judgment. The car had been loaned to the owner’s grandson, who asserted in an affidavit that he was not the driver at the time of the accident and that the car had been stolen. However, in that case, no one observed who was driving the car at the time of the accident, and the grandson had a felony conviction involving dishonesty which could be used to attack his credibility. The appellate court agreed with the trial court that summary judgment was not warranted.
 

 USAgencies and Ms. Minniew-eather filed motions for summary judgment seeking dismissal from the suit. In addition to the insurance policy, the motions were supported by the affidavits of the plaintiff and Ms. Minnieweather. Specifically, the plaintiff testified that a man she did not recognize was driving the SUV at the time of the accident and that he fled from the scene in the vehicle. She further testified that a woman who identified herself as the mother of the SUV owner stopped at the accident scene and allegedly said the driver was her daughter’s fiancé, “Shawn,” who had no driver’s license.
 
 [3]
 
 Ms. Minnieweather testified that she had no boyfriend at the time of the accident and that she did not know anyone 112named Shawn. She stated that the key used to drive her SUV had been in her purse in her home and that she believed that a houseguest called “Moo-Moo” was the only male who could have obtained the key to drive the SUV. She testified that she was the only person to drive her vehicle and that no one else, including her mother, had permission to drive it.
 

 In her supplemental memorandum in support of the motion for summary judgment, Ms. Minnieweather pointed out— other than her ownership of the vehicle— the absence of factual support for one or more essential elements of her liability. According to her own deposition testimony, the plaintiff could not identify the male driver, much less say that he was on a mission for Ms. Minnieweather, that he was Ms. Minnieweather’s agent or employee, or that he was physically or mentally incompetent to drive so that entrusting the
 
 *1252
 
 vehicle to him would have been negligent on Ms. Minnieweather’s part.
 
 Wimberly, supra; Oaks, supra.
 
 Nor did Ms. Min-nieweather’s deposition contain any evidence to support these elements. The plaintiff, therefore, failed to timely produce factual support sufficient to establish that she would be able to satisfy her evidentia-ry burden at trial that Ms. Minnieweather had personal liability.
 
 [4]
 

 | ^CONCLUSION
 

 The trial court ruling granting summary judgment in favor of Ula Minnieweather is affirmed. Costs of this appeal are assessed to the appellant.
 

 AFFIRMED.
 

 [1]
 

 . Ms. Minnieweather also testified that no key was in the vehicle when she found it and that her extra key was never recovered.
 

 [2]
 

 . While copies of the opposition and affidavit are not found in the appellate record, a copy of the affidavit is attached to the plaintiff's appellate brief. An appellate court may not consider documents attached to briefs which
 
 *1248
 
 have not previously been introduced into evidence in the trial court.
 
 Brown Radiator and Frame v. Kidd,
 
 44,354 (La.App. 2d Cir.6/24/09), 13 So.3d 1244.
 

 [3]
 

 . Although the plaintiff supposedly contradicted some of these assertions in an opposing affidavit executed the day before the hearing, the trial court properly excluded it as untimely. Thus, the contents of that affidavit — which was neither accepted by the court or offered as a proffer — are irrelevant for the purposes of this appeal.
 

 [4]
 

 . The motion for summary judgment filed by USAgencies was denied. Ms. Minnieweather had asserted that the vehicle was stolen, which if proven, might have relieved USAgen-cies of its coverage. The trial judge stated he did not believe Ms. Minnieweather’s deposition testimony because, "it doesn’t fit with my experience in life about how things happen.” Because the trial judge questioned its veracity, he did not find it supportive of USAgen-cies' burden that consent was not given.