STEWART, J.
11 This is an appeal from a summary judgment dismissing the premises liability claims of the plaintiffs against Progressive Care Center (“PCC”), one of the defendants against whom a wrongful death and survival action was asserted following the death of the original plaintiff, William H. Jordan (“Jordan”), from mesothelioma. Upon our de novo review of the record, we affirm the trial court’s summary judgment in favor of PCC.
FACTS
Jordan was diagnosed with mesothelio-ma in June 2013. On September 5, 2013, he filed suit for damages claiming that he was exposed to asbestos while employed by R.F. Zimmerman & Company, Inc. (“Zimmerman”), from around 1956 until the early 1960s. He sought damages against Zimmerman as his employer and against other named defendants on whose premises he did jobs while working for Zimmerman. PCC, formerly known as the Virginia Hall Nursing Home (‘Virginia Hall”), was among the defendants against whom Jordan asserted premises liability claims. Jordan alleged that PCC was negligent or strictly liable for withholding knowledge of the dangers of asbestos exposure, failing to provide a safe work environment, and failing to protect him from the unreasonably dangerous conditions created by the asbestos on its- premises and within its care, custody, or control. Jordan alleged that, while working at Virginia Hall, he was “overexposed to asbestos on a daily basis ... as an immediate bystander to the cutting of asbestos containing insulation and [he] used asbestos containing insulation to insulate pipe.”
*1116 |Jn a deposition taken to perpetuate his testimony, Jordan stated that he worked part-time for Zimmerman during the 1950s and early 1960s helping his friend, James Yates (‘Yates”), with asbestos insulation jobs. Jordan assisted Yates on most jobs by mixing asbestos mud. Jordan testified that he poured bags of asbestos into a washtub filled with water and used his hands to mix until the mud reached the correct consistency for Yates to apply. However, Jordan did not think that they used the asbestos mud mixture on the Virginia Hall job. Rather, the work at Virginia Hall, which lasted about two weeks, involved covering water lines during the construction of the building. His testimony indicates that these pipes were covered with a one-piece, foam-like asbestos covering that was slit down the middle so it could be wrapped around the pipes. Jordan testified that the materials for the Virginia Hall job were already at the site whenever they arrived to work, and he believed that Zimmerman sent the materials to the site. Jordan also testified that he did not see any Virginia Hall employees or take direction from anyone with Virginia Hall while insulating the pipes during its construction.
After Jordan’s death on November 10, 2013, his wife, Dorothy Jordan, and his sons, Ronnie and William Jordan, were substituted as plaintiffs and asserted survival and wrongful death actions against PCC and the other defendants.
On April 3, 2014, PCC filed a motion for summary judgment asserting that the plaintiffs would be unable to prove that Jordan was exposed to asbestos during the construction of Virginia Hall, that it had | ^custody or control of the building at the time of the alleged exposure, or that it had garde over the asbestos allegedly used in the construction of the building at the time of Jordan’s exposure. Along with Jordan’s deposition, PCC supported its motion with the Virginia Hall building permit issued August 21, 1968, years after when Jordan claimed he worked part-time for Zimmerman.
Opposing PCC’s motion, the plaintiffs offered a Social Security earnings statement purporting to show that Jordan worked for Zimmerman during various quarters from 1965 through 1968. They argued that the earnings statement created a genuine issue of material fact as to whether Jordan worked at Virginia Hall during its construction. Arguing that it was not competent summary judgment evidence because it was not attached to an affidavit, PCC opposed consideration of the earnings statement.
The plaintiffs also argued that PCC was not entitled to summary judgment on the issue of garde over the asbestos. Lastly, they asserted that PCC’s motion was premature because the matter was in the early investigative stage, and there had not yet been adequate discovery of PCC and the other defendants.
The trial court heard arguments on PCC’s motion for summary judgment on June 9, 2014, and took the matter under advisement. On July 2, 2014, the trial court granted summary judgment in favor of PCC. The trial court found PCC to be entitled to summary judgment because the plaintiffs did not produce evidence to establish that the asbestos products were in Virginia Hall’s custody or garde such that PCC could be held liable |4for damages resulting from Jordan’s exposure. Absent evidence that Virginia Hall supplied the asbestos or maintained operational control over the construction site, the trial court found that Virginia Hall/PCC owed no duty to Jordan. The plaintiffs now appeal.
DISCUSSION
The plaintiffs argue that the trial court erred in not denying PCC’s motion *1117 for summary judgment as premature. They assert that the matter is in the early investigative stages and that they will need to direct discovery to PCC to determine the relationship between Virginia Hall and Zimmerman. They assert that it is necessary that they be granted more time for discovery, particularly because the trial court is requiring them to produce evidence to establish that Virginia Hall supplied the asbestos products or maintained control over the construction site.
PCC argues that its motion, filed eight months after Jordan’s deposition and seven months after the suit was filed, is not premature. PCC asserts that the plaintiffs made no effort to seek evidence to support their claims during this time and that there is no absolute right to delay summary judgment until discovery is complete.
A defendant may make a motion for summary judgment at any time. La. C.C.P. art. 966(A)(1). The court may consider a motion for summary judgment even before the completion of discovery. Brooks v. Minnieweather, 44,624 (La.App. 2d Cir. 8/19/09), 16 So.3d 1244. When it appears in the> early stage of litigation that there is no genuine issue of material fact, a suit should not be delayed pending discovery so long as the ^parties had a fair opportunity to present their claims and there is no showing of probable injustice by the plaintiff. Id.; Peterson v. City of Tallulah, 43,197 (La.App.2d Cir.4/23/08), 981 So.2d 192.
Our review of the record shows that the parties had a fair opportunity to present their claims and that the plaintiffs have not shown probable injustice so as to necessitate a delay in acting upon PCC’s motion for summary judgment. It does not appear that the plaintiffs conducted any discovery as to PCC during the nine months between the filing of the suit and the hearing on the motion for summary judgment. Moreover, plaintiffs did not request a continuance for the purposes of conducting any such discovery. Instead, they relied upon excerpts from Jordan’s deposition and the Social Security earnings statements to show a genuine issue of material fact for trial and oppose PCC’s motion. There being no absolute right to delay action on a motion for summary judgment in order to complete discovery, we find that PCC’s motion was not premature and that the trial court did not err in considering the motion.
The summary judgment procedure is favored, is designed to secure the just, speedy, and inexpensive determination of every action, except disallowed domestic actions, and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Racine v. Moon’s Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. Appellate courts review summary judgments de novo under the same criteria as used by the district court in considering whether summary judgment should be granted. Brooks, supra. If the pleadings, depositions, answers to interrogatories, admissions on file, and | ^affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, then a summary judgment shall be rendered. La. C.C.P. art. 966(B)(2).
The moving party has the burden of proof. However, where the. moving party will not bear the burden of proof at the trial on the matter before the court on summary judgment, the moving party is not required to negate all the essential elements of the adverse party’s claim; he is merely required to point out an absence of factual support for one or more essential elements of the adverse party’s claim. Thereafter, if the adverse party does not produce factual support sufficient to estab *1118 lish that he will be able to satisfy his burden of proof at trial, there is no genuine issue of material fact and summary judgment is appropriate. Lá. C.C.P. art. 966(C)2; Brooks, supra.
When a motion for summary judgment is properly made and supported, the adverse party may not rest on the allegations or denials of his pleading, but must set forth specific facts showing a genuine issue for trial, or else summary judgment, if appropriate, shall be rendered. La. C.C.P. art. 967(B).
Jordan’s petition asserted claims of negligence and strict liability against PCC as premises owner. Liability for negligence is determined by applying the duty/risk analysis. McGuire v. New Orleans City Park Imp. Ass’n, 2002-1401 (La.1/14/03), 835 So.2d 416. The plaintiff must prove that the defendant’s conduct was the cause-in-fact of his harm, that the defendant owed a duty of care, that the defendant breached the duty, and [ 7that the risk of harm was within the scope of protection afforded by the duty breached. Id.; Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). Whether a duty exists is a question of law; the inquiry is whether any statutory or judicial law supports that plaintiffs claim that the defendant owed him a duty. Rando v. Anco Insulations, Inc., 2008-1163 (La.5/22/09), 16 So.3d 1065; Lemann v. Essen Lane Daiquiris, Inc., 2005-1095 (La.3/10/06), 923 So.2d 627.
A premises owner owes a duty to persons on its premises to exercise reasonable care for their safety and not expose them to unreasonable risks' of injury or harm. Mundy v. Dept. of Health and Human Resources, 620 So.2d 811 (La.1993); Thomas v. A.P. Green Industries, Inc., 2005-1064 (La.App. 4th Cir. 5/31/06), 933 So.2d 843. “This duty extends to employees of independent contractors for whose benefit the owner must take reasonable steps to ensure a safe working environment.” Thomas, 2005-1064, p. 9; 933 So.2d at 852; Donavan v. Jones, 26,883 (La.App. 2d Cir. 6/21/95), 658 So.2d 755, writs denied, 95-1786, 95-1891 (La.11/3/95), 661 So.2d 1379.
The plaintiffs’ strict liability claim against PCC as premises owner is based on La. C.C.P. art. 2317, which provides that we are responsible for damage caused by things we have in our custody.[1] To be liable under La. C.C. art. 2317, the defendant must have owned or had garde — meaning care, |scustody, or control — over the thing that presented an unreasonable risk of harm or caused damage. Faulkner v. The McCarty Corp., 2002-1337 (La.App. 4th Cir. 6/11/03), 853 So.2d 24. To determine whether a defendant had custody or garde over a thing, a court must consider whether the defendant had the right of direction or control over the thing and what, if any, benefit the defendant derived from the thing. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991).
The plaintiffs argue that the trial court erred in finding that the defendant did not owe a duty to Jordan and in improperly shifting the burden to them to show a genuine issue of material fact as to PCC’s garde over the asbestos to which Jordan *1119 was exposed. PCC asserts that it pointed out a lack of evidentiary support for the plaintiffs’ claims and that the plaintiffs failed to produce evidence to show that PCC breached any duty owed Jordan or that it had custody or garde over the asbestos to which Jordan was exposed.
In Jefferson v. Cooper/T. Smith Corp., 2002-2136 (La.App. 4th Cir. 10/1/03), 858 So.2d 691, writ not considered, 2003-3466 (La.2/20/04), 866 So.2d 833, a similar premises liability case, the appellate court reversed a summary judgment in favor of the defendant, the Board of Commissioners of the Port of New Orleans (“the Dock Board”), on the plaintiffs’ negligence and strict liability claims stemming from the exposure of Edward Jefferson to asbestos while employed as a longshoreman. The plaintiffs’ claims against the Dock Board were based on its ownership of the premises where Jefferson’s exposure to asbestos occurred. Opposing the Dock Board’s 19motion for summary judgment, the plaintiffs offered the depositions of other longshoreman who had been exposed to asbestos while working on the Dock Board’s premises, as well as federal regulations and documents indicating the Dock Board should have known of the dangers posed by the asbestos on its premises and that it had the authority to prohibit hazardous cargo on its premises. Upon reviewing the plaintiffs’ offerings in addition to the pleadings, the appellate court found there to be genuine issues of material fact as to whether the Dock Board knew or should have known of the dangers posed by asbestos, whether its facilities were adequate for handling and storing asbestos, and whether it could have refused the hazardous cargo. The court noted that these issues were essential to the plaintiffs’ negligence and strict liability claims.
Here, Jordan’s deposition was the main exhibit offered by PCC in support, of its motion for summary judgment and by the plaintiffs in opposition. Jordan’s testimony about working at the Virginia Hall construction site was brief. Jordan testified that the work involved insulating pipes during construction and that the job lasted about two weeks. He did not know the contractor for the job, and he did not see anyone associated with Virginia Hall telling people what to do. Jordan also testified that the materials used for the job were already at the site when he got there and that Zimmerman had sent the materials to the site.
Jordan’s deposition shows an absence of factual support for elements essential to the plaintiffs’ negligence and strict liability claims. Even considering the general duty owed by premises owners, Jordan’s deposition | mdoes not address or provide factual support to show that. PCC/Virginia Hall knew asbestos was being used, specified its use, or knew of the dangers it posed. Rather, Jordan’s, deposition indicates that PCC/Virginia Hall lacked direction or control over the insulation work and lacked garde or custody over the asbestos at the time of Jordan’s exposure. There-is no evidence to suggest that the construction site was inadequate for the safe handling of asbestos or that the alleged exposure was due to the failure of the premises owner to provide a safe, work environment, rather, or in addition to, some breach of a duty owed by Zimmerman as Jordan’s employer. Unlike the plaintiffs in Jefferson, supra, the plaintiffs in this matter offered no additional evidence to show that there is a genuine issue of material fact as to the elements essential to their claims. Nothing in Jordan’s deposition indicates that the plaintiffs will be able to meet their evidentiary burden at trial on the claims against PCC.
Considering the offerings in support of and in opposition to PCC’s motion, we find *1120 that PCC is entitled to summary judgment as a matter of law.
CONCLUSION
For the reasons stated in this opinion, we affirm the trial court’s judgment. Costs of appeal are assessed to the plaintiffs.
AFFIRMED.

. The law in effect at the time of exposure applies when a long-latency occupational disease claim is asserted. Watts v. Georgia-Pacific Corp., 2012-0620 (La.App. 1st Cir.9/16/13), 135 So.3d 53, writs denied, 2013-2442, 2013-2444 (La.1/27/14), 131 So.3d 59, citing Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). Thus, we consider this matter under La. C.C. art. 2317, without the modifications enacted in 1996 as provided in La. C.C. art. 2317.1.